254 A.2d 753.

JOSEPH T. C. LIU *et ux. vs.* MINNIE SUGARMAN *et al.*

JUNE 25, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This is a civil action seeking both compensatory and punitive damages. The complaint contains three counts, the first based upon the invasion of the plaintiffs' premises by the defendant,[1] the second based upon the disturbance of peaceful possession, and the third based upon assault committed by the defendant against Mrs. Liu. After a hearing before a justice of the superior court sitting without a jury, a judgment was entered for the plaintiffs for $140. The case is before this court on the plaintiffs' appeal from that judgment.

Mr. Joseph T. C. Liu, one of the plaintiffs, had received a teaching appointment at Brown University commencing September 1, 1966. After Mr. Liu and his wife had viewed defendant's premises at 19 Poplar Street in Providence, Mr. Liu, on July 9, 1966, entered into a written lease for the term of one year commencing on August 15, 1966, at a rental of $100 per month with right to renew for an additional year. Upon executing the lease he paid two months' rent in advance. The lease provided that the lessor was to leave the gas range and to allow the lessee to use the carpeting. The lease made no provision for a garage or parking space.

The plaintiffs moved into the premises on Saturday, August 13, 1966. They brought with them by "U-haul" trailer their summer goods. They left their regular household furniture and equipment in storage in Providence awaiting delivery instructions. As a result of a controversy which arose between plaintiffs and defendant and which we discuss later in this opinion, plaintiffs caused their furniture to be held in storage and sought new accommodations. On August 18, 1966, they leased other premises at 118 Everett Avenue in Providence to commence on September 1, 1966 for a period of one year at a monthly rental

---

[1]Although several defendants were originally named in this action, we are only concerned with the defendant Minnie Sugarman in this proceeding.

of $140, also without provision for a garage or parking space. These premises were about five minutes walk from the Poplar Street address and both were about twenty minutes walk from Brown University. Both the Poplar Street and the Everett Avenue locations were of comparable size, type and number of rooms. The plaintiffs moved into the Everett Avenue premises on either August 31 or September 1, 1966. The plaintiffs rented a garage at the cost of $14 per month. To this point there is no substantial conflict in the evidence, but the evidence which follows is, for the most part, contradictory.

The plaintiffs testified that on many occasions defendant came into their apartment unannounced and uninvited, sometimes by the use of a key which she had retained and on other occasions by her insistent pounding on the door. The defendant had left a bed for the use of plaintiffs until their furniture was delivered. During one of her visits, defendant told Mrs. Liu to either return the bed immediately or she would be charged $5 per night for its use. She told Mrs. Liu to place the bed on the enclosed front porch. That evening, after Mr. Liu returned from work, he disassembled the bed and placed it on the front porch. Mrs. Liu testified that the next morning she was awakened by a pounding on the front door; that as she opened the door, the mattress which her husband had placed on the front porch the previous evening was forceably shoved through the doorway directly at her; that as she attempted to back away from it to avoid being struck, she fell backwards against the wall and remained on the floor while defendant shoved the mattress into the living room; and that then defendant brought the other parts of the bed in and commanded that they remain there. Mrs. Liu, who was then pregnant, further testified that she was very frightened and concerned about the condition of the child she was carrying. She called her husband at work and he came home.

Mrs. Liu's obstetrician testified that he saw Mrs. Liu on a semi-emergency basis on the 17th or 18th of August 1966 because she had called for an appointment. When he examined her he found her to be slightly upset and nervous, but he found no cause for emergency, and concluded that the pregnancy would not be affected. He prescribed a tranquilizer and subsequently, when it was found to be ineffective, he prescribed a stronger tranquilizer to relieve her nervousness and emotional disturbance.

To prove damages, plaintiffs presented the testimony of George A. Freeman, a real estate expert. He testified in substance that both houses were similar or comparable in appearance and layout and that in his opinion the fair rental value of the Poplar Street premises during the month of August 1966 was $130 per month; that during the same period the fair rental value of the Everett Avenue premises was $140 per month. Samuel C. Riddell, defendant's real estate expert, testified that in his opinion the fair rental value of the Poplar Street apartment was not over $90 per month in the month of August, 1966.

The defendant's version of what occurred follows. She said she had a dispute with plaintiffs about her right pursuant to an oral agreement to use the stove to warm her food. On August 14, 1966, as a result of a dispute arising from her request to use the stove, Mr. Liu accused her of pushing him around and began to speak loudly. It was at this time that defendant told plaintiffs to leave her premises. One morning during the following week she found some butter in her refrigerator belonging to plaintiffs. She knocked on plaintiffs' door and when Mrs. Liu answered, she told her that she had the butter. She also told Mrs. Liu that from then on she would charge them $5 per day for the use of her bedroom set and chairs which plaintiffs were using, but which were not included in the lease. On another morning, after the August 14 incident, defendant found her

bed and mattress on the front porch. Upon finding them there, she knocked on plaintiffs' door which Mrs. Liu opened. The defendant told her she had three ruptured discs and was not allowed to lift anything. Mrs. Liu returned to the kitchen where she was feeding her baby. The defendant then pulled the bed and mattress into plaintiffs' living room. The defendant denied that Mrs. Liu was struck by the bed or mattress or that she fell upon the floor or against any wall. The defendant's testimony in substance is that as she pulled the bed and mattress in, Mrs. Liu was not present—she was in the kitchen feeding the baby.

The trial justice made the following findings of fact. The term of the lease began on August 15, 1966, for one year and defendant gave plaintiffs possession of the premises on August 13. He disregarded defendant's testimony that plaintiffs had orally agreed to let her use the stove to cook her food because that evidence was in derogation of the written lease. The defendant had no right to enter plaintiffs' premises to use the stove. The defendant had a right to retain the bedroom set because it was not included in the written lease. There was an eviction of plaintiffs by defendant and they left before consuming $60 worth of the $200 rental paid in advance, and were therefore entitled to $140 in damages "* * * from that phase of the damages —that is, rent paid in advance and not used."

With respect to Mrs. Liu's claim of assault, after defining assault as " 'an offer or attempt to inflict bodily harm on another person,' " the trial justice said he could not find such an offer or attempt while defendant was trying to return the bed inside the premises. Although he concluded that defendant had no right to put the bed back in plaintiffs' premises, he found that the evidence did not prove an assault, and therefore, no damages would be awarded for that aspect of the case.

After stating that he had considered all the testimony, including that of the two real estate experts, he referred briefly to the testimony of plaintiffs' expert. His exact language is as follows:

> "* * * the witness for the plaintiffs testified in cross-examination, 'further you go east from Hope Street, the better the property is.' He was asked if his opinion included not only the real estate itself, but included the use of rug and stove. Never was asked to take those things into consideration. So, in addition to the use of the real estate, Mr. Liu for his $100 a month had the use of a stove and rug."

He then found as a fact that plaintiffs had proved no other damages, and ordered that judgment for $140 be entered for plaintiffs.

We address ourselves first to Mrs. Liu's claim of assault. The evidence as to what happened at the time of the alleged assault is in direct conflict. If the trial justice accepted Mrs. Liu's testimony on this issue, he would have had to find that defendant's actions amounted to an assault. On the other hand, if he rejected Mrs. Liu's version and accepted defendant's testimony as to what transpired, as apparently he did, his finding that the evidence did not prove an assault is correct.

He defined assault as " 'an offer or attempt to inflict bodily harm on another person.' " We find nothing wrong with this statement of the law. *State* v. *Hunt*, 25 R. I. 69, 54 A. 773. See also Prosser, *Torts* (3d ed.), §10, p. 37 et seq.

As to the factual situation, as we stated above, it is apparent that the trial justice rejected Mrs. Liu's testimony as to what occurred and accepted defendant's version that she pulled the bed and mattress into the premises occupied by plaintiffs after Mrs. Liu had returned to the kitchen to feed her child and that she did not appear to be nervous or excited. Where the parties submit their controversies on both law and fact to a justice of the superior court sitting

without a jury, it is well settled that the findings of the trial justice will be given great weight and will not be disturbed by this court unless clearly wrong. *Peloquin* v. *Arden Engineering Co.*, 104 R. I. 671, 674, 248 A.2d 316, 318; *Rogers* v. *Zielinski,* 99 R. I. 599, 209 A.2d 706. On this record we cannot say that the findings of the trial justice on this issue are clearly wrong; nor are we persuaded that he misconceived or overlooked any evidence in arriving at such findings or that he misconceived or misapplied the law to the facts.

We come now to plaintiffs' claim for damages resulting from the wrongful eviction. They argue that the trial justice should have applied what they refer to as the usual rule of damages in cases of wrongful eviction, namely, that the tenant is entitled to the difference between the market value of the unexpired term and the rent reserved at the time of the eviction. In the alternative, they argue, the replacement cost should be the basis for cumputing damages. According to their argument, if the former rule is applied plaintiffs would, on the basis of Mr. Freeman's testimony, be entitled to the difference between $100 and $130 per month for 24 months; if the replacement cost standard is applied they would be entitled to the difference between $100 and $140 per month for the same period.

The difficulty with plaintiffs' position is that they overlook the fact that the trial justice gave no weight to the testimony of their real estate expert. This is obvious from his decision, notwithstanding its brevity. Once the trial justice rejected the testimony of plaintiffs' expert, the record was barren of any evidence on this issue. In the circumstances we do not reach the question of which rule he should have applied, and therefore find it unnecessary to discuss the cases cited by plaintiffs in support of their claim on this issue.

The plaintiffs next argue that the entire prepaid rent

should have been returned because the wrongful eviction occurred within the first five days of occupancy. They cite no authority to support their argument. It appears from Mr. Liu's testimony that they stayed at the Poplar Street premises approximately two weeks. This claim, in our judgment, is without merit.

Since the lease for the Poplar Street premises contained no provision for parking facilities, there is likewise no merit to their claim that the trial justice erred in failing to award plaintiffs a sum of money for the cost of parking or garaging their car.

The plaintiffs' remaining claims relate to the cost of about $10 for a "U-haul" to move their furnishings from Poplar Street to Everett Avenue, an additional storage charge of $14.20 for extended storage of their furnishings, and a charge of $171 for three days' loss of work by Mr. Liu in order to prepare for moving into the Everett Avenue premises. It appears from the transcript that all the evidence concerning Everett Avenue was let in de bene. The trial justice said he was not satisfied that Mr. Liu had to take three days from work to move into Everett Avenue and he therefore ordered that testimony stricken. Upon further questioning Mr. Liu stated that it took him "less than eight hours, more than three hours" to pack, move and resettle.

With respect to Mr. Liu's claim for an award for loss of pay from his work, the record contains no evidence of his rate of pay before September 1, 1966. The only evidence on this point was ordered stricken by the trial justice and no objection was made to this ruling by Mr. Liu pursuant to rule 46 of the superior court rules of civil procedure. In the circumstances there was no evidence on which the trial justice could base an award for loss of pay. Nor was Mr. Liu's testimony relating to the cost of "about $10 for rental of a U-Haul" and the charge of $14.20 for the ex-

tended storage competent evidence to sustain an award of damages. In the circumstances we cannot say that the trial justice erred in finding that the plaintiffs proved no other damages.

The appeal of the plaintiffs is denied and dismissed, the judgment appealed from is affirmed, and the cause is remanded to the superior court.

*Harold I. Winsten,* for plaintiffs-appellants.

*Friedman, Kramer & Kessler, Harold I. Kessler,* of counsel, for defendant-appellee.