STATE

v.

Roger P. RODRIQUEZ.

No. 83–285–C.A.

Supreme Court of Rhode Island.

June 1, 1984.

Dennis J. Roberts II, Atty. Gen., Joseph P. Ippolito, Jr., Sp. Asst. Atty. Gen., for plaintiff.

William F. Reilly, Public Defender, Barbara Hurst, Chief Appellate Atty., Janice M. Weisfeld, Asst. Public Defender, for defendant.

## OPINION

MURRAY, Justice.

The defendant, Roger P. Rodriquez, appeals from a Superior Court conviction of robbery in violation of G.L.1956 (1981 Reenactment) § 11–39–1. This case was consolidated with and heard together with *State v. Isaac,* 477 A.2d 62, (R.I.1984) because of the existence of a common and central issue. However, since both cases involve an additional, distinct question of law, separate opinions have been issued.

The defendant was indicted on September 17, 1981, for the robbery of a Warwick jewelry store. A jury trial commenced on September 21, 1982, before a justice of the Superior Court. At the conclusion of the trial, defendant was found guilty. The defendant's motion for a new trial was denied by the trial justice on October 12, 1982. On December 8, 1982, defendant was sentenced to a term of fifty years imprisonment—thirty years to serve, twenty years suspended.

Mr. John Leo testified at trial that on April 30, 1981, defendant and another man robbed him in his Warwick jewelry store. According to Mr. Leo, defendant entered his store and proceeded to look at items of jewelry that were on display. When defendant asked to look at a particular item, Mr. Leo knelt down to open the display case. At this point, defendant pulled a gun from inside his jacket. The defendant then walked around to the back of the counter where Mr. Leo was standing and ordered him to buzz open the door for his partner. Mr. Leo testified that defendant's partner was approximately six feet tall, had blond hair, and was wearing a bandana covering his face. The two men then bound Mr. Leo's hands and feet and left him face downward in the bathroom. Once the two men had completed the robbery and left the premises, Mr. Leo made his way to the front door of the store where he called out for and received assistance from a neighboring merchant.

Immediately following the robbery, Mr. Leo was taken to the Warwick police station where he assisted the police in preparing a composite sketch of the man whom he later identified as defendant. He was also shown an unspecified number of photographs at that time but was unable to identify any of the men depicted therein as defendant.

On the morning of May 22, 1981, Mr. Leo was called down to the Warwick police station where he was met by Detectives Richard Santos and Jerome Bessell. Mr. Leo was then shown an array of seven photographs. Detective Bessell indicated to Mr. Leo that a suspect may be included in the photographic display. Detective Santos testified that in less than one minute, Mr. Leo selected defendant's photograph as the man who had robbed him.

Shortly thereafter, Mr. Leo was shown three additional photographs of different men. These photographs depicted both the right and left hands of each of these men. Each set of hands was tattooed on the webbing between the index finger and thumb. Mr. Leo identified the tattoos on defendant's hands as those of his assailant.

On appeal, defendant argues that the trial justice erred (1) in failing to instruct the jury on the doctrine of impeachment by prior inconsistent statement, as requested by defendant, and (2) in admitting into evidence Mr. Leo's pretrial identification.

In regard to the first claim of error, defendant contends that Mr. Leo's trial testimony included various inconsistent statements. These inconsistent statements involve several discrepancies between the description of defendant that Mr. Leo originally gave to the Warwick police and the description that he gave at trial. Before the close of the case, defense counsel submitted written requests for jury instructions. These instructions included a request that the trial justice charge the jury with regard to impeachment of a witness through evidence of prior inconsistent statements.[1] The trial justice instructed the jurors generally about credibility without specifically instructing them upon impeachment by prior inconsistent statement.

Unlike our opinion in *State v. Isaac*, 477 A.2d 62 (R.I.1984), we are here unable to reach the merits of defendant's argument on this issue because his objection failed to satisfy the requirements of Rule 30 of the Superior Court Rules of Criminal Procedure. That rule "expressly bars a party from assigning as error any portion of a charge or omission therefrom unless he specifically directs the trial justice's attention to the matter to which he objects and gives the ground for his objection." *State v. Dionne*, R.I., 442 A.2d 876, 885 (1982); *State v. Cianci*, R.I., 430 A.2d 756, 764–65 (1981); *State v. Giordano*, R.I., 413 A.2d 93, 94 (1980); *State v. Hoyle*, R.I., 404 A.2d 69, 72 (1979); *see also State v. Tarvis*, R.I., 465 A.2d 164, 170 (1983) (citing the above proposition in the context of defense counsel's failure to object to the trial justice's charge on the grounds later alleged on appeal).[2]

In the present case, defendant clearly complied with the initial requirement of Rule 30 of the Superior Court Rules of

1. Defense counsel requested the following instruction:

REQUEST No. 16. In determining the credibility of a witness, you may consider the following:
The existence or nonexistence of a bias, interest, or other motive;
A statement previously made by him or her that is consistent with his or her testimony;
A statement made by him or her that is inconsistent with any part of his or her testimony;
The existence or nonexistence of any fact testified to by him or her;
His or her attitude toward the action in which he or she testifies or toward the giving of testimony;
His or her admission of untruthfulness."

2. Rule 30 of the Superior Court Rules of Criminal Procedure provides, in pertinent part:

"No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

Criminal Procedure in that he distinctly objected to the trial justice's failure to charge the jury in accordance with request No. 16. The defendant neglected, however, to specify the grounds for his objection. Rather, defense counsel merely referred to the disputed request in a summary fashion during a side-bar conference following the trial justice's charge to the jury. The objection consisted of the following statement that was made as part of a longer recitation of defendant's objections to the trial justice's entire charge: "Requests Nos. 15 and 16 having to do with defendant's request for credibility instructions, your honor, as listed in the defendant's request for charge."

This statement clearly failed to articulate the grounds for defendant's objection. As a result, the trial justice was not made aware of the exact nature of his alleged error. *See State v. Tarvis*, R.I., 465 A.2d at 170. We note that request No. 16 was in fact a general-credibility instruction listing six factors that the jury may consider in assessing the credibility of a witness. Only one of these factors dealt with prior inconsistent statements. Given the nature of the request itself, then, defendant's failure to specify the grounds for his objection became even more significant. As we said in *State v. Williams*, R.I., 432 A.2d 667, 670 (1981):

> "No trial justice may be expected to be endowed with that quantum of total recall which would enable him or her at the conclusion of the charge to be certain that all necessary points have been covered accurately and completely. At this point it is incumbent upon trial counsel to point out to the judge specifically and clearly those areas in which corrections or further instructions may be needed."

■ We shall not therefore charge the trial justice in the present case with the obligation to be clairvoyant. The defendant's objection simply referred to his request for credibility instructions. In the absence of a clear statement containing the grounds for that objection, there is no way that the trial justice would have been aware that defendant was alleging as error the failure to instruct upon the use of impeachment by prior inconsistent statement. Consequently, the trial justice did not commit error in failing to so instruct.

The defendant also contends that his due-process rights under both the Rhode Island and the United States Constitutions were violated by the trial justice's admission of Mr. Leo's pretrial identification. It is defendant's position that the procedures utilized in that identification were unnecessarily suggestive. As we said in *State v. Courteau*, R.I., 461 A.2d 1358, 1360 (1983), "The seminal expression of principle relating to the constitutional limitation upon the use of photographs as an identification device in criminal cases is found in *Simmons v. United States*, * * * ." The Supreme Court held in *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), that "convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside * * * only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification." *Id.* at 384, 88 S.Ct. at 971, 19 L.Ed.2d at 1253. We have cited this standard with approval in *State v. Courteau*, R.I. at, 461 A.2d at 1360–62, and in *State v. Holland*, R.I., 405 A.2d 1211, 1214 (1979).

The Supreme Court has, however, added a second step to the *Simmons* analysis. In *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), the Court adopted what is in effect a two-pronged test. First, a determination of whether or not a pretrial identification was unnecessarily suggestive was resolved. Having determined that the display of a single photograph was unnecessarily suggestive, the Court turned to the second step in the analysis, holding that the admissibility of identification testimony hinges upon reliability. The relevant inquiry becomes, therefore, whether a pretrial identification

is reliable in spite of the fact that the procedures under which it was made were suggestive. *Id.* at 114, 97 S.Ct. at 2253, 53 L.Ed.2d at 154.

As in *State v. Courteau,* R.I. at, 461 A.2d at 1361, it is unnecessary, in the present case, for us to reach the second step in the analysis. We are of the opinion that the record before us supports the trial justice's finding that the photographic display was not unnecessarily suggestive.

The defendant argues, inter alia, that the comment made to Mr. Leo by Detective Bessell that a suspect may be included in the photographic display is a factor to be considered in the suggestivity analysis. In *State v. Courteau,* R.I. at, 461 A.2d at 1361–62, we upheld the constitutionality of a photographic display in a situation very similar to the case at bar. In that case we agreed with the assessment of the trial justice that such a comment was only a "statement of the obvious." We also noted that "[w]hether explicit or implicit, it will probably be inferred by a victim in any case that a photographic display presented may possibly include one suspected of a crime." *Id.* at, 461 A.2d at 1361.

 In the present case, the main thrust of defendant's argument is that, unlike the situation in *Courteau,* Mr. Leo's pretrial identification was tainted by other suggestive aspects. According to defendant, the most significant of these other attendant aspects of suggestivity was the display of the three photographs of the tattooed hands. It is important to note that these photographs were shown to Mr. Leo *after* he had identified defendant from the array of seven facial photographs.

The defendant contends that any error that may have occurred in the selection of his facial photograph was compounded in the selection of the photograph of his hands since he was wearing the same shirt in both photographs. We are not persuaded by this argument. Mr. Leo selected defendant's picture from a group of seven facial photographs without the benefit of viewing the photographs of the hands.

The fact that he later also identified defendant's hands, with their distinctive tattoos, did not invalidate the initial identification, notwithstanding the fact that defendant was wearing the same shirt in both photographs. We therefore uphold the trial justice's determination that "the photographic identification procedure utilized in this case was not impermissively suggestive so as to give rise to a very substantial likelihood of misidentification."

We find the defendant's other arguments with respect to the suggestivity of the pretrial identification also to be without merit.

For the reasons stated, the defendant's appeal is denied and dismissed, the judgment of conviction appealed from is affirmed, and the papers in this case are remanded to the Superior Court.