STATE

v.

Daniel F. BROWN.

No. 87–207–C.A.

Supreme Court of Rhode Island.

Nov. 7, 1988.

1374

James E. O'Neil, Atty. Gen., Caroline Cole Cornwell, Asst. Atty. Gen., for plaintiff.

John M. Bomster, Patrick T. Conley, Jr., Adler, Pollock & Sheehan, Providence, for defendant.

## OPINION

MURRAY, Justice.

The defendant, Daniel F. Brown, appeals from a Superior Court conviction of robbery in violation of G.L. 1956 (1981 Reenactment) § 11–39–1. A number of pretrial motions were heard by the trial justice. The defendant's motions to represent himself and to take a view were denied. The trial justice also denied the defendant's motion to suppress an out-of-court identification made at the time of his arrest as well as his motion to suppress evidence seized from his person.

The defendant essentially argues on appeal that even if the lower court correctly ruled on each pretrial motion individually, their collective impact, when coupled with the trial justice's refusal to instruct on the lesser included offense of assault with intent to rob, amounts to reversible error. We disagree.

A precis of the relevant facts will be informative. Shortly after 5 p.m. on the eighth day of May, 1985, John A. O'Neill, a Rhode Island attorney, went to a local Providence drinking establishment, the Throop Alley Lounge, to meet a client. During the course of the evening, O'Neill had occasion to use the facilities in the bar. Upon entering the closely-quartered men's room O'Neill passed another man, whom he later identified as defendant, standing in the sink area immediately to his right. As he walked toward the urinal, O'Neill claimed that Brown held a knife to his throat and demanded money. O'Neill reached into his pocket and gave defendant between $20 and $40, but perceived that his assailant was upset with this amount. Fearing for his safety and making an ef-

fort to stall for time in hopes of someone else entering the room, he then offered to check his wallet. O'Neill extracted his billfold from his back pocket and dropped a number of cards contained therein onto the floor. At this time defendant lowered the weapon resembling a steak knife to the victim's abdominal area and permitted O'Neill to bend over and pick up the paraphernalia. While gathering his belongings, O'Neill remembered that he had a watch, a gold-faced Patek Philipe with a black band, and upon standing erect tendered it to defendant.

At this point during the confrontation, Richard M. Casparian, then Deputy Public Defender for the State of Rhode Island, entered the restroom and observed the two men engaged in apparent conversation. Casparian noticed that O'Neill's hands were extended and appeared to be holding money, checks, and papers. While he failed to see anything specific in defendant's hands, Casparian thought he observed an object under Brown's sleeve. As he proceeded to walk around a partition Casparian hesitated and, obviously sensing that something was awry, turned to face the two individuals. Brown then fled the men's room. The two men quickly braced the door against his possible return and shortly thereafter emerged to notify the police.

Moments later, Officer Michael T. Donovan of the Providence police department responded to the armed robbery report. O'Neill related the events to the officer, describing the suspect as a black male approximately five foot eight inches tall and weighing an estimated 145 pounds. O'Neill also informed Donovan that the perpetrator "had a white coat, black pants, and I call it a wing-tipped but kind of like a formal tuxedo shirt on with a black bow tie." [1]

Relying on this information, Patrolman Donovan canvassed the downtown area's barroom establishments in an effort to capture the suspect. As he approached Mathewson Street in his police van, Officer Donovan saw a man answering the description running from the rear door of the Backstage Bar. He immediately parked the van and chased the individual on foot. Donovan caught defendant at the rear of McDonald's restaurant on Fountain Street. A brief struggle ensued. Donovan threw defendant to the ground, handcuffed him, and placed him in the rear of the van. The officer and Brown then returned to Throop Alley. Both O'Neill and Casparian, still present at the bar, positively identified Brown as the perpetrator of the crime. An estimated twenty minutes had elapsed between O'Neill's report of the incident to Patrolman Donovan and the subsequent identification of defendant at the lounge.

Consistent with standard arrest procedures, Officer Donovan performed an inventory search of defendant at the police station. His report revealed that $14 and a black watch with a gold face were seized from Brown.[2] The police returned this watch to O'Neill approximately one week later.

At trial O'Neill drew a chalk of the bar's physical layout, including in it a diagram of the confined lavatory. O'Neill testified that the men's room was well-lit and that he was less than an arm's length from Brown. He therefore claimed to have had a good look at his assailant. Casparian similarly testified in regard to the restroom lighting and also stated that he clearly saw the perpetrator. Both men claimed to have observed the nattily dressed defendant in the bar prior to the incident.

The jury found defendant guilty of robbery. The trial justice denied his motion for a new trial and sentenced Brown to thirty year's imprisonment, twenty years to serve, ten years suspended, and ten years' probation. The defendant raises several issues on appeal, each of which will be discussed separately.

1. Officer Donovan testified at trial that O'Neill further described the suspect as having a short-cropped Afro and wearing a large gold medallion around his neck.

2. Officer Donovan initially testified at trial that he had seized $30 from defendant but later revised his testimony upon having his recollection refreshed by the report.

I

█ The defendant asserts that the trial justice improperly refused to instruct the jury on the lesser included offense of assault with intent to rob. Before addressing the merits of this contention, we must first determine whether defendant successfully preserved the issue for appellate review. This court has repeatedly admonished counsel that, when assigning error to an omission from a charge, Rule 30 of the Superior Court Rules of Criminal Procedure specifically requires that a party "direct[ ] the trial justice's attention to the matter to which he objects and give[ ] the grounds for his objection." *State v. Cianci*, 430 A.2d 756, 765 (R.I. 1981).[3] Mr. Justice Shea elaborated on Rule 30 requirements in *State v. Olink*, 507 A.2d 443 (R.I. 1986), stating that "[w]e shall not require an objection to be so detailed that citation to authority or a lengthy dissertation is necessary. Rather, the objection should be reasonably calculated to alert the trial justice of the nature of the alleged error, and it should be stated with some specificity." *Id.* at 447. Thus, after directing the trial court's attention to the asserted error or omission, counsel must articulate with reasonable clarity the precise grounds for their objection.

This court has held that mere objection by number to a jury charge without more is insufficient to preserve the issue for appeal. *State v. DeCiantis*, 501 A.2d 365, 369 (R.I. 1985). As we noted in *State v. Williams*, 432 A.2d 667, 670 (R.I. 1981):

"No trial justice may be expected to be endowed with that quantum of total recall which would enable him or her at the conclusion of the charge to be certain that all necessary points have been covered accurately and completely. At this point it is incumbent upon trial counsel to point out to the judge specifically and clearly those areas in which corrections or further instructions may be needed."

In *State v. Rodriquez*, 478 A.2d 171, 174 (R.I. 1984), the defendant claimed as error the trial justice's failure to instruct in accordance with his written request regarding prior inconsistent statements. Defense counsel's objection in that case consisted of the following relevant language: "Requests Nos. 15 and 16 having to do with defendant's request for credibility instructions, your honor, as listed in the defendant's request for charge." *Id.* Request No. 16 was a general-credibility instruction containing six factors that juries may consider in assessing witness credibility—only one of which dealt with prior inconsistent statements. *Id.* We refused to impose upon the trial justice the duty to be clairvoyant, and consequently concluded that the defendant failed to articulate clearly the grounds for his objection. *Id.*

█ In the case at bar, defense counsel submitted twenty-six written requests for jury instructions. The final three requests proposed that the trial justice charge the jury specifically with regard to assault with intent to rob and assault with a dangerous weapon.[4] The trial court intention-

---

**3.** Rule 30 of the Superior Court Rules of Criminal Procedure provides in pertinent part:

"No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

**4.** Defense counsel requested the following instructions:

"Lesser Included Offense
REQUEST NO. 24

If you are not satisfied that the prosecution has proved to you beyond a reasonable doubt that the defendant has committed the crime of robbery you may consider whether or not the defendant is guilty of a lesser offense.

"Assault with Intent to Rob
REQUEST NO. 25

An assault is an unlawful attempt or offer, with force or violence, to do a corporal hurt to another, whether from malice or wantonness.

Every person who shall make an assault with the intent to commit robbery shall be guilty of assault with the intent to rob.

"Assault with a Dangerous Weapon
REQUEST NO. 26

Every person who shall make an assault with a dangerous weapon shall be guilty of assault with [a] dangerous weapon.

Therefore I instruct you that if you are not convinced beyond a reasonable doubt that the defendant committed the crime of robbery you may then consider whether the defendant committed the crime of assault with the intent to rob.

ally omitted these lesser-included-offense requests from its charge. Defense counsel then raised timely objection at side bar, stating: "Your Honor, the defense would merely object to the [c]ourt's failure to include lesser included offenses in accordance with the request I submitted. Specifically, numbers 24, 25, and 26. Other than that, the defense has no other objections."

The state maintains that such an objection fails to satisfy the requirements of Rule 30. Although it acknowledges that defendant's objection properly directed the trial justice's attention to the omitted charges, the state argues that defense counsel failed to articulate adequately the grounds for the alleged error. In support of this contention, the state cites *State v. DeCiantis, supra,* claiming that defendant merely provided the trial justice with the bare bones of the alleged error by simply referring to the omitted requests by number. We believe that a plain reading of the record indicates otherwise.

The defendant's objection specifically directed the trial court's attention to the omission of lesser included offenses from the jury charge. In addition, defense counsel recited the corresponding numbers contained in his written request. Unlike *Rodriquez,* where the defendant generally objected to the exclusion of one of six possible credibility considerations listed in his request, the only lesser included offenses referred to in Brown's requested instructions were assault with intent to rob and assault with a dangerous weapon. We do not believe that under these circumstances the trial justice was burdened with the obligation of total recall or clairvoyance.

To the extent that defendant's grounds for objecting were not readily apparent from the objection itself, we note that a request to instruct on a lesser included offense must be predicated on a single rationale, namely, that the evidence adduced at trial warrants such a charge. We therefore conclude that defendant satisfied Rule 30 requirements, and that counsel properly preserved the issue for appellate review.

■■■ Having determined that the issue concerning the omission of the lesser-included-offense charge is properly before this court, we next address the substance of defendant's contention. This court defines robbery as the "felonious and forcible taking from the person of another of goods or money to any value by violence or putting him in fear." *State v. Reposa,* 99 R.I. 147, 149, 206 A.2d 213, 215 (1965) (*quoting* 4 Blackstone's Commentaries 241). The specific intent to deprive another permanently of his or her property is an essential element of robbery. *State v. Muir,* 432 A.2d 1173, 1175 (R.I. 1981). This element of taking distinguishes robbery from assault with intent to rob. It is proper for a trial justice to instruct a jury with regard to a lesser included offense when the element that distinguishes the two offenses is adequately disputed. *Id.* (citing *United States v. Harary,* 457 F.2d 471, 478 (2d Cir. 1972)); *see also United States v. Brewster,* 506 F.2d 62, 75 (D.C. Cir. 1974).

The defendant maintains that through vigorous cross examination he sufficiently contested the actual taking of any valuables from O'Neill, and that consequently he was entitled to a lesser-included-offense charge. The defendant notes that Casparian failed to observe any items exchange hands between defendant and O'Neill despite the claustrophobic condition of the men's room. Specifically, Brown stresses that O'Neill testified to the transfer of money before he surrendered his watch. Yet Casparian's testimony indicated that upon entering the restroom, he saw money in O'Neill's hands. Brown therefore suggests that for the watch's transfer to occur quickly and without Casparian's witnessing it is unrealistic. The defendant additionally argues that the disparity between the amount of money allegedly stolen from O'Neill (between $20 and $40) and the sum ultimately seized from his person ($14) cast further doubt upon the element of taking.

Further if you are not convinced beyond a reasonable doubt that the defendant committed the crime of assault with the intent to rob, then you may consider whether the defendant is guilty of assault with a dangerous weapon."

We find defendant's arguments unpersuasive. General Laws 1956 (1985 Reenactment) § 8-2-38 directs trial justices to instruct juries in the law pertaining to the issues raised by the parties in order to ensure fair and proper trials. *See State v. Hockenhull*, 525 A.2d 926, 930 (R.I. 1987); *State v. Mercier*, 415 A.2d 465, 467 (R.I. 1980) (citing *State v. Butler*, 107 R.I. 489, 268 A.2d 433 (1970)). In addition, G.L. 1956 (1981 Reenactment) § 12-17-14 allows juries, when considering evidence against a criminal defendant, to find the accused guilty of a lesser offense whenever they are not convinced that the defendant committed the entire offense with which he is charged.

Defense counsel correctly asserts that a criminal defendant is entitled to a lesser-included-offense instruction when the evidence adduced at trial warrants such a charge. *See Spaziano v. Florida*, 468 U.S. 447, 456, 104 S.Ct. 3154, 3160, 82 L.Ed.2d 340, 350 (1984); *Beck v. Alabama*, 447 U.S. 625, 633-36, 100 S.Ct. 2382, 2387-89, 65 L.Ed.2d 392, 400-02 (1980); *accord State v. Sullivan*, 541 A.2d 450, 453 (R.I. 1988). As we said in *State v. Hockenhull*, 525 A.2d at 930:

> "[W]e require that a lesser included offense instruction be given when warranted on account of the danger that, absent such an instruction, a jury may erroneously convict a criminal defendant of the principal offense charged, despite the prosecution's inability to prove an element of that offense, when the jury is convinced that the defendant's conduct was criminal."

■ This court, however, does not require a trial justice to instruct the jury concerning a lesser included offense when the evidence presented at trial shows no dispute as to an essential element that distinguishes the greater and the lesser offenses. *See State v. Austin*, 462 A.2d 359,

366 (R.I. 1983); *State v. Muir*, 432 A.2d at 1175. Thus, our task is to examine the record to determine whether sufficient evidence was introduced at trial to warrant a jury charge on assault with intent to rob. *See State v. Lemon*, 497 A.2d 713, 718 (R.I. 1985).

■ In this case an examination of the evidence presented below convinces us that the trial justice correctly denied defendant's requested instruction. The undisputed testimony of the victim, John O'Neill, established that he was forced at knife point by defendant to surrender both his watch and some money. The police seized $14 and a black watch with a gold face, which O'Neill later claimed as his, from Brown. That neither Casparian nor any other third person witnessed the actual taking is irrelevant. There is no requirement that the state somehow provide a victim with corroborating eyewitness testimony in order to sustain a robbery conviction. *See State v. Long*, 488 A.2d 427 (R.I. 1985) (conviction upheld where victim only witness to robbery of automobile service station). We similarly reject defendant's argument concerning the discrepancy between the amount of money stolen from O'Neill and that recovered from Brown as raising any factual dispute concerning the element of taking.

■ The record is completely barren of any evidence that could reasonably be construed as contesting the actual taking of goods from O'Neill. "To have given the instruction requested would have led to speculation without foundation in the evidence." *State v. Muir*, 432 A.2d at 1175 (citing *Lightfoot v. United States*, 378 A.2d 670 (D.C. App. 1977)). We therefore conclude that the trial justice committed no error in refusing to charge the jury in accordance with defendant's requested instruction.[5]

---

5. At trial the state failed to produce the stolen watch and instead admitted into evidence without objection a photograph of O'Neill holding the recovered watch in his hand. The defendant argues that permitting testimony about the watch, without producing it at trial, was prejudicial. He cites no case or statutory law in support of his position. Brown asserts that the trial justice should have suppressed the testimony concerning the watch or alternatively, having allowed it, the trial court should have charged the jury on the lesser included offense.

There is no connon-law or statutory requirement that physical evidence be introduced at

## II

■ The defendant next contends that the trial justice erred in denying his motion for a view of the men's room. He acknowledges that the decision to grant such a motion is a matter within the sound discretion of the trial court. *See, e.g., State v. Ashness,* 461 A.2d 659, 672 (R.I. 1983); *State v. Clark,* 423 A.2d 1151, 1157 (R.I. 1980); *State v. Carsetti,* 111 R.I. 642, 646, 306 A.2d 166, 169 (1973). This court will disturb such a ruling only upon finding a clear abuse of that discretion.

Brown claims that the denial of his motion was unfair and prejudicial. He notes that the jury consisted of nine women who possibly lacked familiarity with men's rooms. Brown also argues that the small size of the room warranted a view. We are of the opinion that the witnesses' description of the restroom in addition to the use of diagrams to depict its physical design as well as the relative positions of the parties was adequate. Consequently, we conclude that the trial justice did not abuse his discretion in denying defendant's motion for a view.

■ The defendant also contends that the denial of his motion to represent himself was prejudicial and erroneous. Because he refused to take the stand in his own defense, Brown argues, there existed a risk that his version of the evidence would remain undeveloped. Immediately before this motion was heard, however, defendant essentially withdrew his motion to disqualify appointed counsel and told the trial justice that he "will keep [his attorney]." While the Sixth Amendment to the United States Constitution grants individuals the right to conduct their own defense, *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), we do not believe that it entitles defendant to representation by both appointed counsel and pro se. A criminal defendant cannot claim

his right to counsel and assert the right to represent himself in the same trial. We therefore find that the trial justice correctly denied defendant's motion for pro se representation.

## III

We next turn to defendant's final contention attacking the out-of-court identification made by O'Neill and Casparian at Throop Alley. Brown argues that the trial justice incorrectly denied his motion to suppress identification because, based upon the totality of the circumstances, the police should have afforded him the opportunity to be viewed in a lineup. Implicit in defendant's argument is the suggestion that the witnesses' ability to make a valid, reliable identification may have been impaired by the consumption of alcohol.

■ The defendant correctly notes that the judiciary has widely condemned the police practice of showup identifications as overly suggestive of guilt and conducive to mistaken identification. *Stovall v. Denno,* 388 U.S. 293, 302, 87 S.Ct. 1967, 1972, 18 L.Ed.2d 1199, 1206 (1967); *State v. Parker,* 472 A.2d 1206, 1208 (R.I. 1984). To determine whether an identification procedure is so unnecessarily suggestive as to violate a defendant's constitutional right to due process of law, a trial court must examine the totality of the circumstances, *Stovall v. Denno, supra,* and weigh the suggestive nature of the procedure against the independent reliability of the identification. *Manson v. Brathwaite,* 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140, 154 (1977); *State v. Eddy,* 519 A.2d 1137, 1140 (R.I. 1987). *See* Project: Fifteenth Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals 1984–1985, 74 Geo. L.J. 499, 588–91 (1986) (*Manson* Court's primary focus in due process inquiry is independent reliability of identification). The trial court, in determin-

trial to support testimonial evidence. General Laws 1956 (1981 Reenactment) § 11–41–15(e) provides in relevant part that a "photographic record of the alleged stolen property * * * shall be allowed to be introduced as evidence in any court of this state in place of the actual alleged stolen property." *See State v. Lewis,* 467 A.2d

1387 (R.I. 1983) (no reversible error for failure of state to preserve or introduce shoplifted items at trial). Even assuming that defense counsel properly preserved this issue for appeal, we believe that defendant suffered no prejudice from the state's failure to produce the watch physically at trial.

**1380**

ing whether the pretrial identification was independently reliable, should examine the following factors:

"the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the. crime and the confrontation." *Neil v. Biggers*, 409 U.S. 188, 199–200, 93 S.Ct. 375, 382, 34 L.Ed.2d 401, 411 (1972).

In the instant case, O'Neill testified that he viewed defendant at less than arm's length in a confined, well-lighted room for a period of approximately five minutes. For at least part of this time, Brown held a knife to O'Neill's throat. The victim, a practicing defense attorney, was acutely aware of defendant's physical features in these circumstances. He provided the police with a detailed and accurate description of defendant.

Although Public Defender Casparian viewed the defendant for a matter of seconds in the men's room, he testified that he had noticed Brown in the bar prior to the incident because "he was very nattily dressed." He similarly furnished a specific and accurate description to the police. Relying on these descriptions, Officer Donovan apprehended the defendant and transported him back to Throop Alley where both O'Neill and Casparian positively identified him without hesitation. A relatively brief period of time had elapsed between the robbery and the subsequent confrontation. The record shows no evidence whatsoever that either witness' observational faculties were impaired by the ingestion of alcohol. Consequently, we find that based upon the totality of the circumstances the trial justice was correct in denying Brown's motion to suppress identification.

We conclude that the trial justice committed no error, either singular or cumulative, which would warrant reversal. Accordingly the defendant's appeal is denied and dismissed, and the judgment of conviction appealed from is affirmed. The pa-

pers in this case may be remanded to the Superior Court.