STATE

v.

**Thomas J. MESSA.**

**No. 90–132–C.A.**

Supreme Court of Rhode Island.

July 24, 1991.

Jane M. McSoley, Sp. Asst. Atty. Gen., Providence, for plaintiff.

Catherine A. Gibran, Barbara Hurst, Richard Casparian, Office of Public Defender, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on the defendant's appeal from a conviction of one count of second-degree sexual assault. We reverse. The facts of the case insofar as they are pertinent to this appeal are as follows.

During the summer of 1983 thirteen-year-old Todd Buford (Todd) and his seventeen-year-old brother, James Buford (James), were delivering newspapers in their neighborhood. As they delivered a newspaper to the home of defendant, Thomas J. Messa (Messa), he came to the door and invited the two boys inside for some milk and cookies.

Todd testified that he and his brother followed Messa into the kitchen where he offered them the milk and an assortment of cookies. The three then proceeded into Messa's living room where Todd sat on a chair and James sat on the sofa. While Todd was on the chair, Messa approached him "and seemed to want to horse around." He pulled Todd up from the chair and started walking toward the couch. Todd indicated that Messa then "put his arms around me and came from behind" and "[h]e held me there for about five minutes and then he put my hands behind my back." While his hands were being held behind his back, Todd testified, Messa "rested himself against me" and "rubbed his penis against my hands." Todd testified that Messa continued this activity for approximately ten minutes. When Messa released him, Todd remembered, he felt very uncomfortable. He proceeded to testify that Messa then went toward the couch and got on top of his brother, James. Messa allegedly then grabbed James's hands in an effort to make him touch his buttocks. During this incident James stated repeatedly that "[w]e have to go." After several minutes Messa released James and the two boys departed.

James testified that he saw Messa "[r]ubbing himself up and down on Todd." He claimed that the incident lasted only a couple of minutes and that Messa did not approach him on the couch that particular day but on a separate occasion.

On April 30, 1985, Messa was charged with one count of second degree sexual assault upon Todd and one count of assault with intent to commit sexual assault upon James. After a jury trial, Messa was found guilty on count 1 and not guilty on count 2. His motion for a new trial was denied and he was sentenced to fifteen years at the Adult Correctional Institutions, with nine years to serve and six years suspended with probation. Messa filed this appeal on April 11, 1989.

Although Messa raises several issues as grounds for his appeal, the first issue

raised is dispositive and thereby precludes the necessity of addressing his remaining grounds. He contends that the trial justice erred in refusing to instruct the jury on the lesser included offense of simple assault. Since the evidence indicates that Messa and Todd were "horsing around" or "wrestling" and Todd expressed uncertainty about whether "he [Messa] was pulling anything or not," Messa maintains that there was a dispute regarding whether he acted for the purpose of sexual gratification. Therefore, he argues, the trial justice should have charged the jury, as requested, with the lesser included offense of simple assault.

The state argues that there was no evidence in the record to support the lesser included offense of simple assault. Since simple assault involves an attempt to injure, not present in this case, the state maintains that the trial justice committed no error by failing to instruct the jury on the offense of simple assault.

■■■ When the evidence supports a possible verdict on a lesser included offense, the defendant is entitled—and the trial justice is required—to instruct the jury on that lesser included offense. *State v. Hockenhull*, 525 A.2d 926, 930 (R.I.1987). Such an instruction is warranted if the element between the greater and the lesser charge is adequately disputed. *State v. Brown*, 549 A.2d 1373, 1377 (R.I.1988).

Messa is charged with second-degree sexual assault, which is defined in part as "sexual contact with another person and * * * [t]he accused uses force or coercion." G.L.1956 (1981 Reenactment) § 11–37–4, as amended by P.L.1981, ch. 119, § 1. Sexual contact is defined as "the intentional touching of the victim's or accused's intimate parts * * * if that intentional touching can be reasonably construed as intended by the accused to be for the purpose of sexual arousal, gratification or assault." Section § 11–37–1.

■■■ Both parties acknowledge that there was physical contact between Messa and Todd, but Messa maintains that the touching was not intended for sexual gratifica-

tion. Since Todd himself referred to Messa's actions in such terms as "wrestling" and "horsing around," the contention that Messa acted without the intent to gratify or arouse sexually does not appear to be wholly devoid of support in the record. Since Messa's intent in touching Todd is an adequately disputed issue, instructions on the lesser included offense of battery would have been appropriate in this particular case.

■■■ Although the defense requested instructions on the lesser included offense of simple assault, it is the lesser included offense of battery that more accurately indicates what occurred had the jury failed to find the intent necessary for second-degree sexual assault. This court emphasized the distinction between assault and battery in *Proffitt v. Ricci*, 463 A.2d 514 (R.I.1983). After recognizing that the term "assault and battery" is customarily used to refer to activity arising out of a single incident, this court held that "assault and battery are separate and different acts, each with independent significance." *Id.* at 517. "An assault is a physical act of a threatening nature or an offer of corporal injury which puts an individual in reasonable fear of imminent bodily harm." *Id.; see also Liu v. Sugarman*, 105 R.I. 727, 254 A.2d 753 (1969). "Battery refers to an act that was intended to cause, and does cause, an offensive contact with or unconsented touching of or trauma upon the body of another, thereby generally resulting in the consummation of the assault." *Proffitt v. Ricci*, 463 A.2d at 517. *See* Prosser, *Handbook of the Law of Torts* §§ 9 & 10 at 34–41 (4th ed.1971).

However, even if not for purposes of sexual gratification, there may well have been unconsented touching or an offensive contact. Pulling Todd from the chair and holding his arms so that he could not move, without any touching of intimate parts, could alone constitute the crime of battery if the jury found Todd had not consented to, or was offended by, the action.

Counsel for defendant, at the conclusion of the trial justice's charge, requested that

an instruction be given on "simple assault." The trial justice declined to give such an instruction, observing that "I don't feel that this requires a specific intention." The statute that defines the crime of second-degree sexual assault mandates that the touching be "intended by the accused to be for the purpose of sexual arousal, gratification or assault." Section 11–37–1. Unfortunately in this state the terms "assault" and "battery" have been used interchangeably. *Proffitt v. Ricci,* 463 A.2d at 517. However, in the case at bar, it does not appear that the trial justice was misled by the request to charge on "simple assault." This request under Rule 30 of the Superior Court Rules of Criminal Procedure was, in our opinion, sufficient to alert the trial justice that there was a referral to the lesser included offense of offensive touching or battery. Consequently the trial justice should have instructed the jury that if it found the touching to have been offensive, but not intended to be for sexual gratification, it might return a verdict of battery as a lesser included offense.

For the foregoing reasons the defendant's appeal is sustained, and his conviction is vacated. The papers in the case may be remanded to the Superior Court for further proceedings consistent with this opinion.