STATE

v.

Charles HAIGH.

No. 94–678–C.A.

Supreme Court of Rhode Island.

Nov. 2, 1995.

Aaron Weisman, Asst. Attorney General, for Plaintiff.

Janice Weisfeld, Paula Rosin, Asst. Public Defenders, for Defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on October 5, 1995, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing oral argument and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues should be decided at this time.

The defendant, Charles Haigh, has appealed from a judgment of conviction on four counts of child molestation. He was sentenced to twenty years' imprisonment, nine years to serve and eleven years suspended with probation on each count, to run concurrently. One of the two victims, defendant's stepson, testified to two incidents of sexual molestation—one of which allegedly took place in defendant's car and a second that allegedly occurred in the family's dining room.

At a prior hearing in Family Court, the boy testified to the dining room incident but failed to testify about the car incident. Defense counsel, during the subsequent criminal trial, read to the jury the stipulation that within the Family Court transcript the boy made no reference to the incident that took place in the car. On redirect examination,

the prosecutor asked the boy why he did not testify to the car incident previously. The boy responded, "[T]hey never asked," adding that two years prior to the Family Court hearing he had told a Detective Markey about it. Then, on re-cross-examination, defense counsel read back that portion of the boy's Family Court testimony to show that the Family Court justice had asked him whether defendant had touched him on another day and the boy responded, "No."

The defendant raises two issues on appeal. First, he contends that the trial justice erred in limiting the scope of testimony read back to jurors in response to a jury request for a repeat reading of both complainants' testimony. Specifically, during deliberations the jury asked to "re-hear the Family Court testimony that was read to [it] during court proceedings." In response, the trial justice had the entire Family Court testimony read back to the jury, including both victims' redirect and re-cross-examination.

The next day, the jury asked, "In regards to yesterday's re-read of the Family Court testimony we would like [the boy's] responses to the re-direct and re-cross examination." The trial justice attempted to clarify that request, and the jury foreman stated that the jury would now "like to know what [the boy's] response was to why he did not talk about the car incident [in] Family Court." Two redirect questions and answers relating to why the boy had failed to testify about the car incident were reread to the jury. The trial justice then reminded the jury that "[n]ow, you will recall that it was thereafter that [defense counsel] then referred to the Family Court transcript while [the boy] was on the stand. Yesterday [the stenographer] read to you those excerpts from the Family Court transcript. That is how the testimony proceeded yesterday. Does that answer your question?" The foreman responded, "I believe so." The defendant then objected to having only had the redirect-examination questions read back.

In response, the trial justice noted that the re-cross-examination had been read back to the jury the day before. The state also emphasized that ultimately the jury asked only for the boy's responses to questions and that the boy had given no response to the question of why he did not talk about the car incident in Family Court on re-cross-examination. Moreover, the attorneys for both the state and defendant had previously stipulated that the boy did not testify in Family Court to the incident in the car.

■■■ The decision to have testimony read back to the jury lies within the sound discretion of the trial justice. *State v. Gomes,* 604 A.2d 1249, 1259 (R.I.1992). Generally, such a request should be honored. *State v. Dame,* 488 A.2d 418, 422 (R.I.1985). We believe the trial justice's response to the jury's request was entirely reasonable.

■■ The defendant next argues that the trial justice erred in failing to give an instruction on the lesser included offense of simple assault and battery. The trial justice, however, declined to give such an instruction because, in his opinion, the evidence did not invite such a charge. It is our opinion that the trial justice was correct. The types of sexual activities described at trial could not reasonably be considered simple assault and battery. In addition, the trial justice correctly distinguished *State v. Messa,* 594 A.2d 882, 884 (R.I.1991), wherein a lesser charge of simple battery should have been made. *Messa* included evidence that the defendant engaged in "horsing around," which this court concluded could have supported the simple battery charge. *Id.* at 884. However it is clear from the record of this case that the defendant acted for his own sexual gratification and, therefore, could not have argued that he lacked the requisite sexual intent in the touching of his stepchildren.

For all these reasons the defendant's appeal is denied and dismissed. The judgment appealed from is affirmed, and the papers in the case are remanded to Superior Court.