COMMONWEALTH *vs.* JOSE FERNANDO MEDEIROS. January 5, 1983.
1. When defense counsel, following the Commonwealth's opening, ex-
pressed an intention to make openings (there was a codefendant at trial),
the trial judge inquired what evidence the defense intended to offer.
Counsel responded that they proposed to develop evidence in behalf of the
defendants through cross-examination of the Commonwealth's witnesses.
The judge declined to allow openings on that basis.

We said in *Commonwealth* v. *McJunkin,* 11 Mass. App. Ct. 609,
614-617 (1981), that the opportunity under Mass.R.Crim.P. 24(a)(1), 378
Mass. 895 (1979), to "present an opening statement of [a] defense" may be
limited by a trial judge, acting within his discretion, to particularized
evidence which the defendant expects to adduce. In the instant case,
when the judge asked counsel for the codefendant what evidence she pro-
posed to offer, she replied, "I am going to offer evidence from the Com-
monwealth's case that in addition to the facts they have heard, they
should listen for the facts which I intend to elicit from the Common-
wealth's case." This announced no more than a hope to puncture the
Commonwealth's case somehow through cross-examination. The judge
acted within his discretion in refusing the defense lawyers the right to
make opening statements on that basis. Counsel's expectations were more
broad and general than those found insufficient in *McJunkin.* If defense
counsel reasonably expects on cross-examination to elicit specific evi-
dence, e.g., that a prosecution eyewitness had deficiency in vision render-
ing impossible the observations to which the witness is expected to testify,
a defense opening stating such a fact would be proper. See, for example,
the specific matters the defense in *McJunkin* said on appeal it had hoped
to prove through cross-examination, but which it was not ready to discuss
at trial.

2. Although the judge ruled as a preliminary matter that he would not
receive evidence as to a paycheck the defendant Medeiros had received
two days before the day on which he was charged with having "rolled"
the complaining witness (i.e., robbing the latter while he was drunk), the
judge left the door open to the defendant's counsel to present authority on
the next trial day as to why such evidence might be relevant and admis-
sible. No authority was offered; indeed, the witness who was to testify

was not even brought into court. Having failed to press the point at trial, the defense cannot do so on appeal. See *Royal Indem. Co.* v. *Blakely*, 372 Mass. 86, 88 (1977); *Olson* v. *Ela*, 8 Mass. App. Ct. 165, 170-171 (1979).

*Judgments affirmed.*

*John F. Palmer* for the defendant.

*Carmen W. Picknally, Jr.,* Assistant District Attorney, for the Commonwealth.