STATE

v.

Joseph WARREN.

No. 91–474–C.A.

Supreme Court of Rhode Island.

May 10, 1993.

---

Jeffrey Pine, Atty. Gen., Andy Berg, Sp. Asst. Atty. Gen., Aaron Weisman, Asst. Atty. Gen., for plaintiff.

Richard Casparian, Public Defender, Janice Weisfeld, Asst. Public Defender, for defendant.

## OPINION

WEISBERGER, Judge.

This case comes before us on appeal by the defendant, Joseph Warren, from a judgment entered in the Superior Court convicting him of one count of first-degree child molestation and one count of second-degree child molestation. We affirm. The facts of the case insofar as pertinent to this appeal are as follows.

The defendant was romantically involved with the mother of a minor child whom we shall call Elizabeth.[1] Testimony of the mother and the minor child tended to show that defendant molested the child by touching her private parts and also by attempting to penetrate the child's vagina and by causing her to perform fellatio upon him. The defendant denied that he had improperly touched the minor child in any way and asserted that his conduct toward the child was appropriate to a father/daughter relationship.

In support of his appeal, defendant raises three issues: (1) the cross-examination of defendant, (2) the introduction of extrinsic evidence concerning his claims of participation in the Viet Nam conflict, and (3) the denial of his motion for new trial. The first two issues will be considered together.

## I

## IMPEACHMENT OF DEFENDANT

On cross-examination counsel for the prosecution elicited from defendant testimony concerning his purported Viet Nam combat record. The prosecutor suggested that defendant had told many people that he was a decorated veteran of the Viet Nam conflict. He attributed certain disabilities to war injuries. On further cross-examination defendant admitted that these stories were not true and that he had never served in the Viet Nam conflict.

Nevertheless, thereafter the prosecution introduced a witness in rebuttal who testified that defendant had told his in-laws about his Viet Nam service and disabilities. On cross-examination defendant had denied telling such stories to his in-laws.

The defendant argues strongly that cross-examination on this irrelevant and collateral matter was extremely prejudicial to his case when his credibility was of extreme importance in determining whether he had committed the acts of molestation with which he was charged. Essentially the case was a direct confrontation between defendant and the child witness, who was thirteen years old at the time of the trial.

On this record we are unable to consider these questions on their merits. An examination of the trial transcript discloses that counsel for defendant did not object to this cross-examination on the ground of its undue prejudice. The examination also discloses that counsel for defendant did not object to the testimony of the state's rebuttal witness. It is our well-settled rule that issues not preserved at trial by a specific objection, sufficiently focused so as to call the trial justice's attention to the basis for said objection, may not be considered on appeal. *See State v. Donato,* 592 A.2d 140, 141 (R.I.1991); *State v. Cassey,* 543 A.2d 670, 676 (R.I. 1988); *State v. Burke,* 522 A.2d 725, 731 (R.I.1987); *State v. Rondeau,* 480 A.2d 398, 399 (R.I.1984).

The raise-or-waive rule enunciated in the foregoing cases precludes this court from considering the issues raised on direct appeal. We must therefore reject defendant's contentions that the cross-examination on a collateral matter and the introduc-

1. This is not her real name.

tion of extrinsic evidence on the same matter prejudiced his right to a fair trial. Although we reject this issue on appeal, we do so without prejudice to defendant's right to raise this question, if he sees fit, on an application for postconviction relief.

## II

## DENIAL OF THE MOTION FOR NEW TRIAL

The defendant asserts that the trial justice erred in denying his motion for new trial on the ground that the jury's verdict of guilty was against the great weight of the evidence.

■■■ Our standards for the consideration by the trial justice for a motion for new trial in a criminal case have been set forth in *State v. Dame*, 560 A.2d 330 (R.I. 1989). In that case we stated that the trial justice must act as a thirteenth juror, exercising his or her independent judgment on the credibility of witnesses and on the weight of the evidence. *Id.* at 333. If, after this analysis, the trial justice disagrees with the verdict of the jury, he or she must then determine whether the evidence is so evenly balanced that reasonable minds might fairly come to differing conclusions. *Id.* If he or she finds the evidence so evenly balanced, then he or she should defer to the findings of the jury. *Id.*

However, we also stated that if the trial justice, after analyzing the evidence and assessing the credibility of the witnesses, agrees with the jury verdict, then his or her analysis is at an end. The trial justice should then affirm the verdict of the jury. *Id.*

■■■ In the case at bar the trial justice made a careful assessment of the evidence and the credibility of the witnesses. He found the testimony of Elizabeth to be very credible, while he was not impressed with the testimony of defendant.

Since the trial justice performed all the functions required to be performed by *State v. Dame, supra,* and *State v. Henshaw,* 557 A.2d 1204 (R.I.1989), his decision

will be given great weight on appeal and will be disturbed only if he "overlooked or misconceived material evidence relating to a critical issue or was otherwise clearly wrong." *State v. Caruolo,* 524 A.2d 575, 585 (R.I.1987).

A review of the evidence in this case leads us to conclude that the trial justice did not overlook or misconceive relevant and material evidence, nor was he clearly wrong.

For the reasons stated, the defendant's appeal is denied and dismissed. The judgment of conviction is affirmed. The papers in the case may be remanded to the Superior Court.