STATE

v.

Thomas H. AUSTIN.

No. 93–191–C.A.

Supreme Court of Rhode Island.

May 2, 1994.

Jeffrey Pine, Atty. Gen., Aaron L. Weisman and Annie Goldberg, Asst. Attys. Gen., for plaintiff.

Richard Casparian, Public Defender, Barbara Hurst and Paula Rosin, Asst. Public Defenders, for defendant.

OPINION

MURRAY, Justice.

The defendant, Thomas H. Austin (Austin), appeals from a Superior Court jury conviction on one count of assault with intent to commit robbery and one count of assault with a dangerous weapon. Austin was sentenced to twenty years' imprisonment on the intent-to-commit-robbery charge and ten years' imprisonment on the assault-with-a-dangerous-weapon charge. These sentences were to run concurrently. Austin contends that the trial justice erred by (1) denying his motion to suppress a lineup identification as the fruit of an unlawful arrest and (2) denying his motion to dismiss for lack of a speedy trial.

The pertinent facts of this appeal are as follows. Jacqueline Donnelly (Donnelly), a teller at a Hospital Trust National Bank (bank) branch office located on Charles Street in Providence, testified that at approximately 10 a.m. on January 5, 1990, a man suddenly appeared at her teller window. She stated that the man pointed a gun at her

and directed her to put some money into a paper bag that he had handed her. Donnelly testified that she was so frightened that she did not reach for the money and that the man subsequently fled the bank.

Walter Michalczyk, the manager of the Charles Street branch office, testified that as the man entered the bank on January 5, Michalczyk noticed him immediately because he had seen him on two previous occasions. Michalczyk stated that the first time he saw the man was in late December 1989. On that occasion the man entered the bank, walked by Michalczyk "muttering to himself," and then left the bank. Michalczyk indicated that he also observed the man enter the bank on the day before the robbery attempt. On that day an assistant manager pointed out the man's presence in the branch. Michalczyk recognized him as the man whom he had seen two weeks earlier and noticed that the man wore an overcoat and was carrying some paper bags. When the man realized that Michalczyk was looking at him, he left the bank.

Michalczyk further testified that the "minute" the man entered the bank on January 5, his "eyes were on him the whole time" and his "finger was on the alarm." He testified that he activated the alarm at about the same time as the man drew the gun. He stated that he stared at the man during the entire incident, and when they eventually made eye contact, the man fled. Michalczyk testified that he "studied" the man while viewing him for approximately thirty seconds.

Officer William McGurn (McGurn) of the Providence police department testified that he responded to the telephone call reporting the attempted robbery of the bank. Upon his arrival at the bank he obtained a physical description of the suspect and the license-plate number of the vehicle in which he fled.

During the course of his investigation McGurn received a telephone call from an officer of the East Providence police department informing him that the department had an arrest warrant for Austin and possessed information that Austin was staying at a location in Providence. The East Providence arrest warrant had arisen out of circumstances surrounding a bank robbery in that

city. As a result of the phone conversation, McGurn met with members of the East Providence police and apprehended Austin at a gas station in Providence. McGurn arrested Austin pursuant to the East Providence arrest warrant and proceeded to transport Austin to the Providence police station. McGurn testified that he "felt [Austin] fit the description of [the perpetrator of] our attempted robbery [of the Hospital Trust National Bank] so we [decided to conduct] a line-up." As a result of viewing the lineup, both Donnelly and Michalczyk identified Austin as the perpetrator of the attempted robbery of the bank on January 5, 1990.

█ Austin first contends that the lineup identification was the fruit of an unlawful arrest because the state failed to produce the East Providence police warrant upon which the arrest was based. The state contends that Austin waived a challenge to the validity of the East Providence warrant because he did not impugn it at trial. The state also avers that the arrest was based on sufficient probable cause independent of the probable cause supporting the East Providence warrant.

At the outset we note that Austin did try to make a challenge to the validity of the East Providence warrant. We summarize one of the three instances in the record in which we believe Austin challenged the validity of the East Providence warrant.

"THE COURT: What I'm saying is he made the arrest. You see, East Providence, as I understand what they do, if East Providence wants someone in Providence, they don't go into Providence to arrest them, they call Providence and they send somebody down and they [e]ffectuate the arrest, but it is the Providence detective who is making the arrest on the basis of what he deems to be probable cause, namely a warrant from East Providence.

"DEFENSE COUNSEL: Yes, your honor, *and that's the warrant I'm questioning that there was no probable cause.*" (Emphasis added.)

Consequently, contrary to the state's position, Austin's argument regarding the validity of the East Providence warrant was suffi-

ciently preserved for our review. *See generally State v. Warren,* 624 A.2d 841 (R.I.1993). The record also reflects that although Austin tried to challenge the probable cause of the East Providence warrant, the trial justice dissuaded him because he felt that the Providence arrest was supported by sufficient probable cause under the "fellow-officer's rule." *See Whiteley v. Warden,* 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971).

■ The fellow-officer's rule stands for the premise that a police officer may rely upon the communications of associate officers who claim to possess probable cause to search or to arrest an individual. *Id.* Under this rule, police officers responding to a request for aid from another officer are entitled to assume that the officer or officers requesting the assistance possess sufficient judicial determination of probable cause. *Id.* at 568, 91 S.Ct. at 1037, 28 L.Ed.2d at 313.

■ Our interpretation of the fellow-officer's rule, however, does not relieve the state of its burden of verifying the validity of the arrest. *State v. Taylor,* 621 A.2d 1252, 1255 (R.I.1993). Therefore, a police officer is entitled to make a valid arrest on the basis of information obtained from another police officer; *but in order to sustain the validity of the arrest in court,* the warrant underlying the arrest must be proved to have been based on sufficient probable cause. *Id.; see also United States v. Hensley,* 469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985). "[T]he controlling question is whether the original, communicating officer had a valid warrant based upon probable cause to support the arrest." *Taylor,* 621 A.2d at 1255. The fact that McGurn "relied upon the belief that the [East Providence] warrant was constitutionally sufficient cannot *sustain* the arrest." (Emphasis added.) *Id.* Our holding reemphasizes the premise that in situations in which a fellow officer communicates that he or she has an outstanding arrest warrant and another officer arrests on the basis of that representation, the arrest is valid; however, in order to sustain the arrest in court, the state must prove the warrant to have been based on probable cause.

Consequently, because Austin attempted to challenge the validity of the warrant but was dissuaded from doing so by the trial justice, the state was not allowed to produce the warrant at trial. Relying upon this premise, we remand the case to the Superior Court to allow Austin to challenge the validity of the East Providence warrant. We need not reach the remainder of Austin's arguments pending the disposition of the warrant issue.

For the foregoing reasons we sustain the defendant's appeal in part. This matter is remanded to the Superior Court for a hearing on the validity of the East Providence arrest warrant.