**STATE**

v.

**Willie TURNER.**

No. 93–520–C.A.

Supreme Court of Rhode Island.

March 27, 1995.

Jodi Gladstone, Aaron Weisman, Providence.

Barbara Hurst, Providence.

**ORDER**

This matter came before this court on February 23, 1995 pursuant to an order requiring both parties to appear and show cause why the issues raised in this appeal should not be summarily decided.

694 ■

The defendant appeals his conviction of breaking and entering the dwelling house of another without the consent of the owner. G.L.1956 (1981 Reenactment) § 11–8–2. The defendant contends that the trial justice erred in failing to instruct the jury on the charge of trespass as a lesser included offense of breaking and entering.

It is well established that a criminal defendant is entitled to an instruction on a lesser included offense if such an instruction is warranted by the evidence. *State v. Messa,* 594 A.2d 882, 884 (R.I.1991) (citing *State v. Hockenhull,* 525 A.2d 926, 930 (R.I.1987)). An instruction on the lesser included charge is required only when an actual and adequate dispute exists concerning the distinguishing element of the greater and lesser offenses. *Messa,* 594 A.2d at 884 (citing *State v. Brown,* 549 A.2d 1373, 1377 (R.I.1988)). The distinguishing element between a criminal trespass and breaking and entering is the element of a "break". G.L.1956 (1981 Reenactment) §§ 11–44–26 and 11–8–2.

After a thorough examination of the record we believe a genuine dispute exists over whether a break occurred. At best, the evidence produced by the state on this issue was equivocal.

We are of the opinion that cause has not been shown. The defendant's appeal is sustained, the judgment appealed from is vacated and the case is remanded to the Superior Court for trial.