STATE

v.

**Willie C. TURNER.**

No. 97–60–C.A.

Supreme Court of Rhode Island.

Nov. 23, 1998.

Annie Goldberg, Aaron L. Weisman, Providence.

Paula Rosin, Providence, Janice M. Weisfield.

**ORDER**

On October 13, 1998, this case came before the Supreme Court on the appeal of the defendant, Willie C. Turner (Turner), from his conviction for breaking and entering in violation of G.L.1956 § 11–8–2, and pursuant to an order directing both parties to appear and show cause why the issues raised on appeal should not be summarily decided. The pivotal issue in this appeal is whether the trial justice erred in denying Turner's post-conviction request to proceed *pro se* on his motion for a new trial. After reviewing the parties' memoranda and hearing their arguments, we perceive that cause has not been shown and shall therefore proceed to determine the merits of this appeal at this time.

On April 8, 1992, at approximately 9:30 in the evening, Turner entered the premises known as the Spring Street Inn (Inn), a local bed-and-breakfast located at 353 Spring Street, Newport, Rhode Island. The live-in manager of the Inn was Mrs. Carol Bamberry, who resided with her husband in an apartment located towards the rear of the first floor of the Inn. The Bamberrys' living unit was private and the entrance to their quarters was located at the rear of the building, separate from the guests' entrance, which was located in the front of the build-

ing. Only the Bamberrys had access to these private living quarters.

According to Mrs. Bamberry, and as corroborated by the testimony of her husband, Mr. Bamberry left his apartment through the door located at the rear of the building at approximately 9:30 on the night in question. Shortly thereafter Mrs. Bamberry was preparing to shower and to retire for the evening when she discovered that her husband had left his keys behind. Realizing that the door was unlocked, she set out to lock it. Before Mrs. Bamberry was able to lock the door, however, she heard a noise. Thinking that it was her husband at the door, she called his name, but there was no response. Mrs. Bamberry soon discovered that the noise she heard was Turner standing in her back hallway with his hand on the doorknob of the open door. When Mrs. Bamberry realized that the man in her home was not her husband, she demanded an explanation. Turner appeared startled as a result of the confrontation and muttered something resembling "I, I, I, I" and backed out of the apartment. Mrs. Bamberry immediately reported the incident to the police.

Within moments of receiving the broadcast over the police radio, Officer Robinson and another officer of the Newport police department apprehended Turner on a nearby street at which time Turner was informed that he was a suspect in a recent breading and entering of a bed-and-breakfast. Turner admitted being at the bed-and-breakfast but indicated that he was there looking for employment. Consequently, Turner was charged with, and convicted of, a single count of breaking and entering a dwelling without the consent of the owner in violation of § 11–8–2.[1] Turner now appeals his conviction on several grounds.

Turner advocates that a defendant has an absolute Sixth Amendment right to represent himself or herself and that the trial justice's refusal to allow him to proceed *pro se* violated this right. In this respect, the record reflects that a the post-trial hearing relative

---

1. Turner was convicted of the same charge in a previous trial. This conviction, however, was reversed by this Court because of the trial justice's failure to instruct the jury on the charge of trespass as a lesser included offense of breaking and entering. *See State v. Turner,* 655 A.2d 693, 694 (R.I.1995).

to his motion for a new trial, defense counsel informed the trial justice that "Mr. Turner has indicated he would like to renew or have another oral motion for me to withdraw as his attorney in the case. He has indicated he would like to address the court, himself, rather than myself to argue the motion."

Although it is unclear precisely which "motion" defense counsel was referring to, in the interest of preserving Turner's constitutional rights we shall interpret this exchange as a request to argue the motion for a new trial *pro se,* and not the motion to have defense counsel withdraw, which was in fact argued *pro se.* Despite Turner's assertions that his present counsel "doesn't have no fight to hisself, you know," the trial justice stated "I'm going to deny your motion. We are here for a motion for a new trial, one for which you have demonstrated no ability to represent yourself." Based on this colloquy Turner contends that his Sixth Amendment right to proceed *pro se* was denied. We agree.

In *Faretta v. California,* 422 U.S. 806, 836, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562, 582 (1975), the United States Supreme Court held that a defendant has a Sixth Amend-

ment right to represent himself or herself in a criminal trial. Similarly, in *State v. Kennedy,* 586 A.2d 1089, 1092 (R.I.1991), this Court held that the trial justice erred in refusing to allow the defendant to proceed *pro se* despite his apparent inability to effectively do so. Therefore, we conclude that the trial justice's denial of the defendant's request to proceed *pro se* in this case constituted a violation of this Sixth Amendment right.

For the foregoing reasons, we sustain the defendant's appeal with respect to the Sixth Amendment claim for the limited purpose of providing the defendant with the opportunity to argue his motion for a new trial *pro· se.* We defer all other issues raised in this appeal pending the trial justice's decision on the motion for a new trial. The papers in this case are remanded to the Superior Court for further proceedings consistent with this order.