**STATE**

v.

**Stanley BREZINSKI.**

No. 97–590 C.A..

Supreme Court of Rhode Island.

June 21, 1999.

Annie Goldberg, Aaron L. Weisman, Providence, for plaintiff.

John A MacFayden, III., J. Scott Kilpatrick, Providence, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## O P I N I O N

PER CURIAM.

This case came before the Supreme Court on May 11, 1999, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The defendant, Stanley Brezinski, has appealed from a judgment of conviction entered after a jury found him guilty of felony assault. The defendant has also appealed the denial of his motions for judgment of acquittal and for a new trial. After hearing the arguments of counsel and reviewing the memoranda submitted to this Court, we are of the opinion that cause has not been shown. Therefore, the case will be decided at this time.

This case stems from an assault upon one Brian Woods (Woods) on August 12, 1995. Woods and defendant had attended high school together and later shared an apartment in New York City. Their relationship at some point became acrimonious

and then dissolved. About two years later, on August 12, 1995, each went separately to "Jerky's," a club in Providence. Woods testified at trial that Richard Arruda (Arruda), a friend of defendant, approached Woods and inquired why he "wouldn't talk to" defendant. Woods testified that he answered that he wanted no involvement with defendant, whereupon Arruda proceeded twice to strike Woods in the face. Arruda and Woods were escorted outside by the club's "bouncers." Once outside, Woods alleged that Arruda hit him repeatedly in the face. Both Woods and Joy Modaferri (Modaferri), Woods's girlfriend, testified that defendant was not present at either of these incidents. Woods and Arruda were pulled away from each other, and a hiatus in the fighting ensued.

Woods testified that thereafter Arruda, defendant, and Jason Gallagher, a friend of both Arruda and defendant, began to chase him. The defendant denied hitting Woods. This testimony was contradicted by that of Jeffrey Octeau (Octeau), a parking lot manager, who testified that he saw three men chasing another man and that the three men then proceeded to "beat up" the other. Octeau identified defendant as one of the three men who inflicted the beating.

Woods required reconstructive surgery as a result of his injuries, including the insertion of a metal plate in his face. He still suffers from double vision. Woods also said he suffered a crushed hand in the incident.

The defendant was convicted of felony assault and given a suspended sentence of ten years, with ten-years probation. The defendant was acquitted on the charge of sexual assault, allegedly perpetrated against Modaferri. Following the jury verdict, defendant filed motions for judgment of acquittal and for a new trial. Both motions were denied, and defendant appealed, alleging several errors.

### Aiding and Abetting Instruction

The defendant argued on appeal that the trial justice's aiding and abetting instruction to the jury was erroneous. A trial justice's jury instructions will be upheld if "they neither reduce nor shift the state's burden of proof." *State v. Marini*, 638 A.2d 507, 517 (R.I.1994) (citing *State v. Gordon*, 508 A.2d 1339, 1349 (R.I.1986)). Moreover, we shall sustain a jury instruction so long as the charge given by the trial justice adequately covered the law. *Id.* "On review, we examine the instructions in their entirety to ascertain the manner in which a jury of ordinarily intelligent lay people would have understood them." *Id.* (citing *State v. Gomes*, 604 A.2d 1249, 1256 (R.I.1992)). We shall not exaggerate out of context a single word or phrase or sentence in an instruction; rather, the challenged portion will be examined in the context of the entire instruction.

In instructing the jury, the trial justice explained that defendant was charged with felony assault. He explained the difference between felony assault and simple assault and told the jury that a felony assault is an assault or battery that results in serious bodily injury. Bodily injury, he continued, "means physical injury that creates a substantial risk of death or causes serious permanent disfigurement or protracted loss or impairment of a function of any bodily organ or member." The trial justice also instructed on the doctrine of aiding and abetting. He explained that "everyone who knowingly and willfully participates in a crime is responsible for that crime just as if he committed the crime alone." Mere presence at the scene, the trial justice continued, was not sufficient to establish a conviction for aiding and abetting. Rather, the justice explained, the jury had to find "beyond a reasonable doubt that there was a community of unlawful purpose at the time the criminal act was committed and that the defendant was a knowing, willingly [*sic*], active participant in that community in some way."

At side bar after the reading of the jury instructions, defense counsel asked the trial justice to instruct the jury "that the aiding and abetting has to take place before the crime is completed or at the time the crime is completed." The defendant argued on appeal that the trial justice erred by refusing to so instruct the jury.

While the trial justice refused to reinstruct the jury using the specific language proposed by defendant, his original instruction to the jury accorded generally with defendant's request. The jury instruction provided that in order to find defendant guilty of aiding and abetting felony assault, the jury had to find beyond a reasonable doubt that "every element of [the crime of felony assault] * * * was committed by some person or persons *after the [defendant's] participation* in the commission." (Emphasis added.) Thus, in instructing the jury that the felonious assault had to occur after defendant's participation in the aiding and abetting, the trial justice implicitly instructed the jury in accordance with defendant's proposed instruction that defendant's participation had to occur before the crime of felony assault.

■ Accordingly, viewing the instructions as a whole in the context in which they were rendered, we conclude that the trial justice properly instructed the jury on the issue of aiding and abetting.

### Lesser Included Offense

■ The defendant also argued that the trial justice erred by refusing to instruct the jury on the lesser included offense of simple assault. It is well settled in Rhode Island that a defendant is "entitled to an instruction on a lesser included

offense if such an instruction is warranted by the evidence." *State v. Hockenhull,* 525 A.2d 926, 930 (R.I.1987). After examining the transcript, however, we conclude that this claim was waived. Rule 30 of the Superior Court Rules of Criminal Procedure provides, in relevant part:

"Instructions.—At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the request. * * * *No party may assign as error any portion of the charge or omission therefrom unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of the party's objection.*" (Emphasis added.).

Rhode Island case law makes clear that "[a] timely objection to the charge is essential to preserve the claim of error" on appeal. *State v. Parker,* 472 A.2d 1206, 1210 (R.I.1984). Moreover, such an objection "must be sufficiently specific to bring into focus the precise nature of the alleged error." *State v. Cianci,* 430 A.2d 756, 765 (R.I.1981). *See also State v. DeCiantis,* 501 A.2d 365 (R.I.1985) (holding that merely objecting by number to a jury charge is inadequate to preserve the issue for appellate review).

Here, counsel for defendant failed to make a timely and specific objection when the trial justice did not give a lesser included instruction on simple assault in the course of charging on felony assault. An examination of the transcript reveals that defense counsel objected only to the failure to give a lesser included instruction concerning the sexual assault charge.[1]

---

1. The transcript, in relevant part, states:
"Mr. Kilpatrick: I just have one more. I would just ask for the lesser included because I think that if the jury, if the jury—
"The Court: You think it out before you say something.
"Mr. Kilpatrick: I would ask for a lesser included, your Honor.

"The Court: You want assault on here too?
"Mr. Kilpatrick: No, I think—I don't think there is any evidence.
"The Court: There's what?
"Mr. Kilpatrick: *If they find he grabbed [Modaferri] but not for sexual arousal that's for the assault. I'd ask for a lesser included.*"
(Emphasis added.).

This Court has recognized an exception to the raise-or-waive rule in cases in which counsel's failure to raise an issue of basic constitutional rights at trial was "due to the fact that the issue is based upon a novel rule of law of which counsel could not reasonably have known at the time of trial." *State v. Figueroa*, 673 A.2d 1084, 1092 (R.I.1996). The defendant's claim here, however, is not based upon a novel rule of law. Accordingly, defendant's claim of error based on the trial justice's failure to give a lesser included instruction to the charge of felony assault was waived and, therefore, will not be addressed by this Court.

### Motion for Judgment of Acquittal

The defendant argued further that the trial justice erred in denying defendant's motion for judgment of acquittal. In considering a motion for a judgment of acquittal, both the trial court and this court on appeal must view the evidence in the light most favorable to the state, draw all reasonable inferences that are consistent with guilt, without assessing the credibility of witnesses or assigning weight to the evidence. *State v. Reyes*, 671 A.2d 1236, 1237 (R.I.1996). "If that examination reveals sufficient evidence to warrant a jury verdict of guilt beyond a reasonable doubt, the trial court was proper in its denial of the motion." *State v. Hernandez*, 641 A.2d 62, 70 (R.I.1994).

The question before the trial justice was whether the evidence and the reasonable inferences therefrom sufficiently supported a finding beyond a reasonable doubt that defendant aided and abetted the felony assault of Woods. In order to find defendant guilty under the theory of aiding and abetting, "the facts must establish that the defendant shared in the principal's criminal intent and that there was 'a community of unlawful purpose at the time the act is committed.'" *State v. Diaz*, 654 A.2d 1195, 1202 (R.I.1995). Moreover, there must be some evidence of affirmative participation by the defendant "in further-ance of the common design, either before or at the time the criminal act was committed." *Id.* "These standards do not require, however, that the accused must foresee the consequences of such unlawful acts, nor do they require that every act of the accused must coincide with those of the principal." *Id. See also State v. Lambert*, 705 A.2d 957, 963 (R.I.1997) (" 'The guilt of a defendant may be established without proof that the defendant personally did every act constituting the offense or offenses charged.' ").

Here, the trial justice applied the appropriate standard of review, stating, "the Court on a Rule 29 motion for judgment of acquittal must view the evidence, only that evidence which is consistent with guilt and draw every reasonable inference that's consistent with guilt. I may not weigh the credibility of the witnesses nor assess and weigh the evidence. I must accept it as true for this particular motion and only that evidence, as I said, that's most favorable to the state."

In reviewing the evidence, the trial justice properly found that there was sufficient evidence in the record that defendant engaged in conduct of an affirmative nature that was in furtherance of a common design to achieve an unlawful purpose. This case, therefore, is distinguishable from *State v. Gazerro*, 420 A.2d 816 (R.I.1980), wherein we reversed a denial of a motion for judgment of acquittal on the ground that there was nothing in the record "from which the jury could reasonably conclude that [the defendant] had affirmatively participated in the shooting." *Id.* at 829. The facts are quite different in the case before us. Here, the disinterested parking lot manager, Octeau, testified that he saw three men beat and kick Woods, and he later identified defendant as one of the men. Furthermore, Modaferri testified that she saw defendant punch and kick Woods. In light of this testimony and the evidence that established that Woods suffered substantial bodily injuries, we are of the opinion that, when viewed in a light

most favorable to the state, the jury could find beyond a reasonable doubt that defendant was guilty of felony assault. Therefore, the motion for judgment of acquittal was properly denied.

### Motion for a New Trial

Finally, defendant argued that the trial justice erred in denying defendant's motion for a new trial. In ruling on a motion for a new trial, a trial justice sits as a superjuror, and must independently evaluate the credibility of the witnesses and assess the weight of the evidence. *Marini*, 638 A.2d at 515. If, in performing this function, the trial justice reaches a conclusion that differs from that reached by the jury, "he or she must then determine whether the evidence is so evenly balanced that reasonable minds might fairly come to differing conclusions." *Id.* (quoting *State v. Warren*, 624 A.2d 841, 843 (R.I.1993)). If that is the case, the justice should defer to the findings of the jury. *Id.* In reviewing a trial justice's decision on a motion for a new trial, this Court will not disturb the result unless the justice overlooked or misconceived relevant and material evidence or was otherwise clearly wrong. *State v. Henshaw*, 557 A.2d 1204, 1207 (R.I.1989).

In this case, in his ruling on the motion for a new trial, the trial justice expounded on the evidence that he found to be credible and discussed the major witnesses presented at trial and commented on which ones he found credible. The trial justice then concluded: "Viewing the evidence as I must in this independently, I find the jury verdict was just and I would reach the same verdict if I was sitting without a jury, and, therefore, the motion for new trial is denied." We are of the opinion that the trial justice adequately articulated his rationale and applied the proper standard in rejecting the defendant's motion. Accordingly, we affirm the denial of the defendant's motion for a new trial.

In summary, we deny and dismiss the defendant's appeal and affirm the judgment of the Superior Court, to which we remand the papers in this case.