STATE

v.

**Willie C. TURNER.**

**Nos. 99–196–C.A.**

Supreme Court of Rhode Island.

Feb. 21, 2000.

Annie Goldberg, Aaron L. Weisman, Providence, for Plaintiff.

Janice M. Weisfeld, Paula Rosin, Providence, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court for oral argument on January 25,

2000, pursuant to an order directing Willie C. Turner (defendant) to show cause why his appeal should not be summarily decided. In his appeal of a judgment of conviction on charges of breaking and entering, the defendant alleged six errors by the trial justice, including the denial of his motion for a new trial. After hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The facts underlying this appeal have been reported in *State v. Turner*, 725 A.2d 899 (R.I.1998) (mem.). The defendant has twice previously appealed to this Court. In his first appeal, defendant argued that the trial justice erred in failing to instruct the jury on a lesser included offense. We agreed, vacated the judgment of conviction, and remanded the case to the Superior Court for a new trial. *State v. Turner*, 655 A.2d 693, 694 (R.I.1995) (mem.). Following a judgment of conviction of the same offense in the second trial, defendant appealed on several grounds, including that the trial justice erred in denying his post-conviction request to proceed *pro se* on his motion for a new trial. *Turner*, 725 A.2d at 899. Again, we agreed, remanded the case to the Superior Court for the limited purpose of allowing defendant to argue his motion for a new trial *pro se,* and deferred decision on the remaining issues raised in the appeal, pending disposition of the motion. *Id.* at 900. The trial justice subsequently denied the new trial motion, and defendant's appeal of that denial is now before us, along with the arguments raised in the previous appeal.

■ First, defendant argued that the trial justice overlooked or misconceived material evidence by denying defendant's motion for a new trial. Specifically, defendant claimed that the trial justice overlooked evidence that defendant entered the subject premises to apply for a job and that the state's key witness—the on-site manager of the property—apparently had changed her testimony on highly relevant facts. In ruling on a motion for a new trial, a trial justice must consider all material evidence in light of the charge to the jury, pass upon the weight and credibility of the evidence, and draw all appropriate inferences from the evidence. *State v. Dame*, 560 A.2d 330, 333 (R.I.1989). If, in performing this function, the trial justice agrees with the jury, he or she must deny the motion. *State v. Marini*, 638 A.2d 507, 515–16 (R.I.1994). Even if the trial justice reaches a conclusion that differs from that reached by the jury, "he or she must then determine whether the evidence is so evenly balanced that reasonable minds might fairly come to differing conclusions." *Id.* at 515 (quoting *State v. Warren*, 624 A.2d 841, 843 (R.I.1993)). If that is the case, the justice should defer to the findings of the jury. *Id.* In reviewing a trial justice's decision on a motion for a new trial, this Court will not disturb the result unless the justice overlooked or misconceived relevant and material evidence or was otherwise clearly wrong. *State v. Brezinski*, 731 A.2d 711, 716 (R.I.1999) (per curiam). Here, our review of the record reveals that the trial justice applied the appropriate standard and adequately articulated his reasons for denying the motion. He determined that this was "a classic case of a jury having alternative choices to make, and they did not believe the defense theory."

■ The defendant next argued that the trial justice erred in denying his motion to strike the testimony of the state's witness that her husband had closed the door through which defendant entered. The defendant claimed that the witness had never before made this assertion. In our opinion, the trial justice properly refused to strike the testimony or issue a curative instruction because defendant, in response to the statement, could properly impeach the witness during cross-examination. *See State v. DeVito*, 414 A.2d 459, 460–61 (R.I. 1980) (trial justice correctly refused defendant's request to strike the testimony be-

cause the state had provided, in discovery, exactly what defendant sought; defendant's "surprise" at the new information elicited at trial was not the result of the state's violation of its duty to disclose).

■ The defendant went on to argue that the trial justice erred in instructing the jury that the locus of the breaking and entering—the private apartment of the on-site manager within a bed and breakfast—is considered a "dwelling house" as a matter of law.[1] We disagree. In *State v. Ranieri*, 560 A.2d 350, 353 (R.I.1989), we held that whether a common hallway could be considered part of a "dwelling house" under the relevant statute "is a question of law to be determined by a judge rather than a factual issue that would be determined by the jury." Here, there was ample evidence to support the jury instruction: only the manager and her husband had access to the door through which defendant entered—a private entrance, separate and apart from the building's front entrance. This private entrance was unmarked and unlit, and appeared to be a private residence. Guests of the bed and breakfast were specifically prevented from entering the manager's separate residence in the rear of the building, and all deliveries to the bed and breakfast were made to the front entrance.

■ The defendant further contended that the trial justice erred in failing to instruct the jury that entry through an open door does not constitute a "break" under the relevant statute. As long as the trial justice's general charge has fairly cov-

ered a requested charge for jury instructions, his refusal to grant the requested charge is not reversible error. *State v. Price*, 706 A.2d 929, 934 (R.I.1998). After reviewing the charge in its entirety, *State v. Gomes*, 604 A.2d 1249, 1256 (R.I.1992), we hold that the instruction adequately informed the jury that a "break" requires more than walking through an open door.[2]

■ The defendant's next argument on appeal was that the trial justice erred in restricting defendant's cross-examination of a police officer concerning evidence that might have supported defendant's claim that he was on the property to look for a job. Specifically, defense counsel attempted to ask the officer why he had not seized a latex glove found on defendant at the time of his arrest. We have stated that "once sufficient cross-examination has been allowed, that satisfies the confrontation requirement and any further cross-examination on the particular subject matter is left within the sound discretion of the trial justice." *State v. Wiley*, 676 A.2d 321, 324 (R.I.1996). We are of the opinion that the trial justice rightly concluded that "[if the glove is] not relevant in this case, that is why they didn't bring it in."

■ Finally, defendant contended that the trial justice erred in ruling that defense counsel could not offer an opening statement immediately following the state's opening statement. Defense counsel argued that he was entitled to make the statement because he had not yet decided whether defendant would testify and

---

1. General Laws 1956 § 11–8–2(a) sets forth the penalties for unlawful breaking and entering "at any time of the day or night any *dwelling house*, or apartment, whether the dwelling house or apartment is occupied or not, or any outbuilding or garage attached to or adjoining any dwelling house, without the consent of the owner or tenant of such dwelling house, apartment, building, or garage * * *." (Emphasis added.)

2. The judge instructed as follows:
"Now, breaking is a term of a technical, rather than of a popular-sense meaning. The breaking is the removing or putting aside of something material which constitutes part of the dwelling house which if left untouched, would prevent entrance. Breaking implies the use of force, no matter how slight, the opening of a closed, unlocked door is a breaking and is sufficient to sustain that element of the charge before you. Opening a closed window or a door, even if unlocked, constitutes a breaking. Pushing open a door already ajar, constitutes a breaking."

because he intended to elicit new evidence during the cross-examination of the state's witnesses. When asked to specify the new evidence to be elicited, defense counsel refused to divulge the information. Thereafter, the trial justice ruled that the defense could not make an opening statement prior to the state's case, but could make one following the state's case in the event that any defense witnesses were to be called.

Under Rule 26.2 of the Superior Court Rules of Criminal Procedure, "[i]f a defendant chooses to make an opening statement, he or she may do so just prior to introduction of evidence by the State, or just prior to presenting his case." In the instant case, it was not error for the trial justice to deny defendant the opportunity to present an opening statement before the state's evidence was presented. The defendant neither stated definitively that he would be presenting evidence, nor did he specify the information that he hoped to elicit on cross-examination. *See Commonwealth v. Medeiros,* 15 Mass.App.Ct. 913, 443 N.E.2d 900, 901 (1983) (affirming the trial court's refusal to allow defendant to make an opening statement because defendant's offer was "no more than a hope to puncture the Commonwealth's case somehow through cross-examination" and suggesting that it would be proper to allow the statement if the "defense counsel reasonably expects on cross-examination to elicit specific evidence"); *cf. Commonwealth v. Dupree,* 16 Mass.App.Ct. 600, 453 N.E.2d 1071, 1073–74 (1983) (trial court erred in denying defendant the opportunity to present opening statement prior to state's case, where no inquiry was made into proposed content of statement, where defense counsel was reasonably sure of facts to be elicited during cross-examination, and where defendant planned to present direct evidence on his own behalf).

In conclusion, there was sufficient evidence to justify the trier of fact to find the defendant guilty of breaking and entering the dwelling area of another. Therefore, we deny and dismiss the defendant's appeal and affirm the order of the Superior Court, to which the papers in this case are remanded.